# JOHN H. AND MARION W. CRAWFORD *v.*
## COMMISSION

J. Michael Nolte, Portland, represented plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered February 9, 1968.

EDWARD H. HOWELL, Judge.

The tax commission disallowed plaintiffs' special treatment of capital gains from the sale of certain corporate stock and plaintiffs appealed. The disallowance was based on the ground that plaintiffs' election to report the sale of the stock for special capital gains treatment was not made within the time required by ORS 316.432 in effect during 1961 and 1962, the years involved. That statute provided:

"(1) The taxpayer in order to qualify for special treatment of his capital gains shall make an election to do so by making a statement in substantially the following form on his tax return:

'I elect to report the following described capital gains for special treatment pursuant to ORS 316.-405 to 316.450 (listing the capital gain).'

"(2) The election shall be made within one year after the close of the tax year in which any part of the capital gain is realized. If the taxpayer elects to have special treatment of his capital gains for a tax year, the provisions of ORS 316.436 to 316.450 shall apply to that tax year."

■ As plaintiffs' sale of the stock was made in 1961, under the above statute they had until December 31, 1962, to report the sale for special capital gains treatment. Under the capital gains statutes in effect at that time, ORS 316.406 through ORS 316.450, a taxpayer selling or exchanging a capital asset could elect to have the gain receive special treatment (by having only a percentage of the gain recognized) if he met certain qualifications. ORS 316.432, *supra*, required the taxpayer to make an election to have the gain receive the special treatment. ORS 316.430 required the reinvestment of the gain within one year after the close of the

tax year in which any part of the capital gain was realized or such additional time as allowed by the commission. ORS 316.420 enumerated the various subjects that qualified for the reinvestment. ORS 316.436 listed the percentages of the gain which should be recognized. This ranged from only 50%, if the capital asset had been held for more than five years, to 100% if the capital asset had been held for not more than one year.[1]

The plaintiffs concede that they did not comply with the provisions of ORS 316.432, *supra,* and report their election to receive special capital gains treatment by December 31, 1962. However, the plaintiffs contend that they should be excused for making the election by December 31, 1962, for various reasons.

First, plaintiffs allege that an extension of time granted them to file their 1961 return should also extend the time to report the election for special capital gains beyond the December 31, 1962 deadline.

The facts, which have been stipulated, show that on April 16, 1962 plaintiffs' accountant applied for and received a six months' extension of time for filing their 1961 state tax return. The application for the extension stated the following as the reasons for the request for the extension:

"A ruling has been requested from the Internal Revenue Service as to the proper handling of certain transactions occurring in the 1961 year. No final decision has been received and we would very much appreciate the extra time in order that proper consideration may be given to the ruling and the

---

[1] These statutes and others not involved herein were repealed in 1965 (Or L 1965, ch 410) and the present statutes are now codified as ORS 316.405, *et seq.* The present capital gain statutes providing for the partial exclusion of such gain from gross income resemble the federal statutes on this same subject.

required reconciliations between federal and state tax returns. A check in the amount of $10,250.00 is attached to be applied against the tax liability reflected on the return when filed."

The form used for the extension stated: "NOTE: AN EXTENSION CAN NOT BE GRANTED FOR A PERIOD IN EXCESS OF SIX MONTHS FROM THE DUE DATE. THE RETURN MUST BE FILED WITHIN THIS PERIOD."[2]

■ Plaintiffs' extension of time for filing their 1961 return expired on October 16, 1962. Their return, however, was not filed until March 15, 1963, or three and one-half months after December 31, 1962, the time allowed by ORS 316.432(2), *supra,* for making the election to receive special capital gains treatment. Plaintiffs' argument that the six months' extension of time for filing their 1961 return also extends the time for making their election for special treatment is untenable. Under the statute plaintiffs were required to make the election "within one year after the close of the tax year in which any part of the gain is realized." ORS 314.385 states that no extension of time for filing can be granted for more than six months. The two statutes are entirely separate and unrelated. Plaintiffs did not file their 1961 return within the extension. They did not report the election within the time allowed by statute. There is no reason why a filing five months after the extension expired and three and one-half months after the time for making the election should

---

[2] ORS 314.385 provides in part as follows:

"(1) Returns shall be in such form as the commission may, from time to time, prescribe and shall be filed with the commission on or before the fifteenth day of the fourth month after the expiration of the tax year. The commission may allow further time for filing returns except that no extension may be granted for more than six months. * * *"

extend the time for making such election. Considering the language of the statutes it is doubtful if the tax commission itself had authority to extend the time for making the election.

■ When the plaintiffs requested the extension they submitted a check for $10,250.00 to apply against their 1961 tax liability.[⑧] Plaintiffs now argue that their 1961 return, which reported the election and which was filed on March 15, 1963, relates back to April 16, 1962, when they requested the extension. This argument is difficult to follow and plaintiffs cite no authority for their position. Again there is no reason why a return filed five months after the expiration of an extension should relate back to the time of the application for the extension whether a tentative payment was submitted or not.

■ Plaintiffs state also that they should have had an extension of time to report the election because ORS 316.430, in effect at the time involved, allowed the commission to extend the time for the taxpayer to reinvest the proceeds from the capital gains. The plaintiffs contend that because the tax commission had authority to extend the time for reinvestment of the proceeds from a sale, it also had authority to extend the time for reporting the election under ORS 316.432. The difficulty with this argument is that ORS 316.430 specifically granted the authority to the commission to extend the time for reinvestment of the proceeds from

---

[⑧] Oregon has no statute allowing "tentative payment" on taxes. However, the tax commission has followed the administrative practice of accepting tentative payments and tentative returns. Reg 4.410(1), regarding this subject, states:

"(1) *Tentative returns*. The filing of a 'tentative return' which does not reveal the details of income or deductions is not considered a filing within the meaning of ORS 314.410, and the statute of limitations upon an additional assessment does not begin to run until a detailed return, showing items of income and deductions, is filed."

the sale and ORS 316.432, stating the time for making the election, did not. The two statutes cannot be compared.

■ Plaintiffs' argument that they should prevail because their actions constituted a substantial compliance with ORS 316.432 is equally without merit. Failure to report the election either during the time allowed by the extension or by December 31, 1962, can hardly be called substantial compliance.

■ Finally, the plaintiffs urge that they did in fact report the election because in the fall of 1962 their accountant orally advised an auditor for the tax commission that plaintiffs planned to elect the special capital gains treatment when they filed their 1961 return. Again, ORS 316.432 makes specific provisions for reporting the election "on his tax return" in the manner prescribed. Obviously oral notice from an accountant to an auditor for the commission does not constitute compliance with the specific terms of the statute.

Because plaintiffs neither reported their election within the time allowed by the extension nor in the manner or by the time allowed by ORS 316.432, the commission was correct in disallowing the special capital gains treatment of plaintiffs' sale of the corporate stock.

The order of the commission is affirmed.