RUSSELL J. AND EVA K. HUBBARD *v.*
COMMISSION

L. Guy Marshall, Portland, Oregon, represented the plaintiff.

Carl N. Byers, Assistant Attorney General, represented the defendant.

Decision rendered for defendant October 21, 1968.

EDWARD H. HOWELL, Judge.

The first issue in this case involves the fair market value of the Sutherlin Hotel which was owned by the plaintiffs and donated by them in 1963 to the Lower Umpqua Hospital. Plaintiffs claimed a charitable contribution of $65,000 as the fair market value of the hotel. The tax commission found the true cash value of the hotel in 1963 to be $52,000 and assessed a deficiency against the plaintiffs.

The testimony indicated that the hotel had been constructed in 1911 and consisted of 42 rooms on the second floor with space rented to two stores on the first floor.

The two witnesses for the plaintiffs placed a value of $65,000 and $60,000, respectively, on the old hotel building. The Douglas County Assessor had valued the building at $52,000 for 1963. The commission concurred in this amount. Considering all the testimony concerning the transfer of the hotel and its fair market value, including the assessor's valuation, it is the court's conclusion that the valuation of $52,000 found by the commission represents the true cash value of the property in 1963.

The second question presented is whether the plaintiffs made a timely election to receive special treatment of their capital gains received in 1963.

In 1963 ORS 316.432 stated:

"(1) The taxpayer in order to qualify for special treatment of his capital gains shall make an election to do so by making a statement in substantially the following form on his tax return:

" 'I elect to report the following described capital gains for special treatment pursuant to ORS 316.405 to 316.450 (listing the capital gain).'

"(2) *The election shall be made within one year after the close of the tax year in which any part of the capital gain is realized.* If the taxpayer elects to have special treatment of his capital gains for a tax year, the provisions of ORS 316.436 to 316.450 shall apply to that tax year." (Emphasis supplied.)

Plaintiffs' tax return for 1963 should have been filed by April 15, 1964. However, plaintiffs received an extension until October 15, 1964. Due to some misunderstanding between plaintiffs and their accountant their 1963 return was not filed until August 17, 1965.

Because ORS 316.432 required the election to receive special capital gains treatment to be made "within

one year after the close of the tax year in which any part of the capital gain is realized," the plaintiffs were required to report the 1963 sale for special capital gains treatment by December 31, 1964.

The plaintiffs seek to avoid the requirement of the statute by contending that the extension of time for filing their return to October 15, 1964, also extended their time for reporting the sale for special capital gains treatment for one year after the extension, or one year from October 15, 1964.

██ The contention has been previously resolved against the plaintiffs in *Crawford v. Commission,* 3 OTR 185 (1968). In that case the plaintiffs also received an extension of time for filing their return. Like the plaintiffs herein they did not report their election to receive special capital gains treatment within the time allowed by the extension or within the one year after the close of the tax year in which the capital gain was realized as required by ORS 316.432. This court rejected the plaintiffs' contention that the extension of time for filing the return also extended the time for reporting the election. As the election was not reported within the time allowed by the statute or the extension granted by the commission, the plaintiffs were not entitled to special capital gains treatment of the sale. The same conclusion applies to the instant case.

The order of the commission is affirmed.