Argued November 2, affirmed December 20, 1967

JOHNSON, *Respondent, v.* STATE TAX
COMMISSION, *Appellant.*

435 P. 2d 302

*Carl N. Byers,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

No appearance for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

Defendant appeals from a decision by the Tax Court that the county assessor of Clatsop county was estopped by his conduct from assessing ad valorem taxation on certain automobiles held by plaintiff as of January 1, 1966. Defendant, on appeal, argues that even though this court has applied equitable estoppel to some governmental agencies, the doctrine should not be applied to the collection of taxes.

The following facts are material: ORS 481.270 requires that motor vehicles that are unlicensed and unregistered as of January 1 of each year shall be listed for ad valorem taxation unless they become registered and the license fees paid before March 31 of the same year. The same statute compels a dealer to furnish "documentary proof" before the date specified in the statute that the vehicles have been registered before March 31, otherwise the vehicles are subject to ad valorem tax. Prior to a 1965 amendment, ORS 481.270

permitted the required proof of registration to be filed on or before June 6 of the given year. The 1965 amendment advanced the date of filing the proof of registration to May 15 of each year.

For several years the county assessor had mailed forms prepared by the State Tax Commission for this purpose to the car dealers within the county. After the 1965 amendment, the tax commission apparently prepared new forms, setting out the new date for filing the form, and sent the forms to the county assessors. The assessor involved in this case instructed his employees to discard the older forms but in this instance it was not done.

For the tax year 1966, plaintiff received from the assessor three copies of the forms. One copy was the old form and told plaintiff he had until June 6, 1966, in which to file the request for cancellation. The other two were new forms which specified the correct date. Plaintiff failed to notice the change in date on the new forms. He relied on the old one and on his former practice and did not file this request for cancellation until after May 15, 1966. The assessor refused to allow the cancellation because of the late filing. Plaintiff appealed to defendant commission. It sustained the assessor. Plaintiff appealed to the Tax Court and that court held that the assessor was estopped to deny the cancellation. *Johnson v. Commission,* 1967, 2 OTR 504.

Defendant recognizes that this court has applied the theory of an equitable estoppel to governmental agencies. *County of Lincoln v. Fischer et al,* 1959, 216 Or 421, 339 P2d 1084, and more recently in *Boyle v. City of Bend,* 1963, 234 Or 91, 380 P2d 625. *Belton v. Buesing,* 1965, 240 Or 399, 411, 402 P2d 98, recognized

that doctrine but did not apply it. Defendant claims, however, that we have only estopped a governmental agency when the agency is acting in a proprietary, as distinguished from a governmental, function. Defendant also claims that a tax collector should not be estopped in any event.

■ Both *Boyle v. City of Bend,* and *Belton v. Buesing* were cases involving questions pertaining to taxation. They did not indicate any limitation to proprietary functions. The more persuasive authority elsewhere holds the tax collector should be no less bound by the equitable considerations that justify an estoppel than any other governmental agency. See, Lynn & Gerson, Quasi-Estoppel and Abuse of Discretion as Applied Against the United States in Federal Tax Controversies, 1964, 19 Tax Law Review 487; *Simmons v. United States* (CCA 5th Cir 1962) 308 F2d 938; *Schuster v. C.I.R.* (CCA 9th Cir 1962) 312 F2d 311; 2 Davis, Administrative Law Treatise, ch 17 (1958). *Farrell v. Placer County,* 1944, 23 Cal2d 624, 145 P2d 570, was not a case of tax collection but the reasoning expressed is equally compelling.

It has been reported that: "* * * the Government has been markedly more successful in setting up estoppels against the taxpayer than has the taxpayer in his battles against the government." Note, 1948, 33 Cornell L Q 607, 609. No one has suggested any essential reason, absent fraud, why this should be so.

■ There are important caveats to the rule, however. *Schuster v. C.I.R., supra,* 312 F2d 317. The policy of efficient and effective tax collection makes the doctrine of rare application. It could only be applied when there is proof positive that the collector has misinformed the individual taxpayer and the taxpayer has a particularly valid reason for relying on the misin-

formation and that it would be inequitable to a high degree to compel the taxpayer to conform to the true requirement. There may be other limitations not visible in this case and not necessary to find in order to decide it. See, for example, Newman, Reliability of Official Advice, 1953, 53 Col L Rev 374.

■ In the instant case, plaintiff received the three copies of the form. The three copies appear to have been necessary to prepare the form in triplicate. The instructions, including final date on which the form could be filed, were printed in small print, not readily noticeable. A companion form, used to report the vehicles for assessment, had printed in large type at the top of the page the date it was due. Plaintiff had prepared and filed a similar return form for several years and was unaware that the statute had been amended to require the earlier filing. If filed on time, plaintiff would have been entitled to the cancellation of the ad valorem assessment without question. The Tax Court believed the testimony of plaintiff and his bookkeeper, a long time employee charged with the responsibility of keeping the essential records and with preparing the form. They both testified that they were so unfortunate as to look at the wrong copy of the form when they were preparing it for filing. The forms were practically identical except for the change in the date it was due. Plaintiff was delayed in the preparation of the form by complications involved in obtaining the correct license number of some of the vehicles that were to be listed. The form was filed only a few days late. The tax commission found the plaintiff had acted in good faith.

We conclude that the evidence sustains the Tax Court's finding that estoppel should apply.

Affirmed.