Argued January 26, reversed February 24, 1972

PILGRIM TURKEY PACKERS, INC., *Appellant*, *v.* DEPARTMENT OF REVENUE, STATE OF OREGON, *Respondent.*

493 P2d 1372

*Daniel A. Post,* Albany, argued the cause for appellant. With him on the brief were Long & Bodtker, Albany.

*Alfred B. Thomas,* Assistant Attorney General,

Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE and BRYSON, Justices.

O'CONNELL, C. J.

Plaintiff appeals from a decision of the Oregon Tax Court, 4 OTR Adv Sh 498 (1971), sustaining a ruling of the Department of Revenue which affirmed the Marion County assessor's denial of a processor's exemption under ORS 308.250.

Plaintiff is a processor of poultry products and was eligible for an exemption under ORS 308.250 upon proof that the property assessed was shipped to another point before May 1st of the year of assessment. Proof of the exemption was required to be mailed to the assessor on or before May 15 of the year of assessment. Plaintiff prepared the form showing the amount of property shipped before May 1st, and mailed it to the Department of Revenue on May 15. The form should have been filed with the county assessor. Since it reached the assessor after the deadline, he refused to grant the exemption.

Plaintiff contends that because of a combination of circumstances, now to be related, defendant and the assessor are estopped to deny plaintiff's exemption.

The form to which reference has been made bears the heading "AFFIDAVIT OF PRODUCER OR PROCESSOR." The form calls for a statement that the property was shipped, naming the type of product, the amounts shipped, and its destination. Near the bottom of the form there is a caveat reading

"SEE OVER FOR INSTRUCTIONS AS TO QUALIFICATIONS." At the bottom left corner is found the designation

"State Tax Commission Form
PT-C-90 (Rev. 12-68)"

The instructions as to qualifications are found on the page following the affidavit. The instructions are set out in the margin below.[1]

---

[1]

INSTRUCTIONS

"Affiants who are claiming deductions as processors must name the product processed by him and describe the method of processing such product.

"The following quotations are excerpts from an opinion of the legal department of the State Tax Commission as to the qualifications of processors under ORS 308.250:

" 'That is, a processor within the meaning and purpose of the statute is that person who processes those items mentioned in the statute which are in his possession in the same physical state and conditions as they appeared in the hands of the farmer or producer. As a general rule, the processor must deal with the raw product. Thus, a person who processes a processed product would not be a processor within the meaning of the statute.'

" 'The phrase "...or any processed product thereof...", means that the whole processed product must in fact be substantially composed of the item processed.'

" 'A processor who sells processed products not processed by him is a wholesaler or retailer and not a processor as to such processed products and, therefore, is without the scope of the exemption. Likewise, a processor who sells raw products mentioned in the statute, who neither farms nor produces them, is a wholesaler or retailer and not a farmer, producer or processor as to such items and, therefore, is also without the scope of the exemption.'

"The above qualifications will be used as a guide by the Assessor's office in determining whether exemption requests shall be allowed or denied.

"NOTE: 1. UNLESS ADEQUATE INFORMATION IS FURNISHED, THE CLAIM FOR EXEMPTION WILL BE DENIED!

Plaintiff's office manager testified that when he saw the designation of the form as a "State Tax Commission Form" he understood this to mean that it was to be filed with the State Tax Commission (Department of Revenue). The office manager took note of the line reading "SEE OVER FOR INSTRUCTIONS AS TO QUALIFICATIONS," but he did not regard this as relevant to any information on the proper place of filing the form. He did look at the instructions, including "NOTE 2" providing that "NO CANCELLATION OF ASSESSMENT WILL BE MADE UNLESS THE REQUIRED PROOF IS FURNISHED TO THE ASSESSOR ON OR BEFORE MAY 15 OF THE YEAR OF ASSESSMENT." He regarded this simply as a warning that to be eligible for the exemption the May 15 deadline must be met and not as an instruction that the form must be filed with the assessor.

Plaintiff's office manager then requested his secretary to call the Department of Revenue and obtain the name of the specific division of the department to which the form should be sent. The secretary called the Department of Revenue and was connected with the switchboard operator to whom she explained the purpose of her inquiry. The operator replied that she would connect her with the "proper person." The secretary then talked to the person referred to informing her that she was inquiring as to the correct place to file form PT-C-90. She was advised, "Well, of course, it comes to us."

---

2. NO CANCELLATION OF ASSESSMENT WILL BE MADE UNLESS THE REQUIRED PROOF IS FURNISHED TO THE ASSESSOR ON OR BEFORE MAY 15 OF THE YEAR OF ASSESSMENT!"

We are of the opinion that under the circumstances recited above it would be inequitable for the taxing authorities to deny plaintiff's claim to an exemption. The face of the affidavit, describing it as a "State Tax Commission Form" would lead a reasonable person to believe that the information was being solicited by the State Tax Commission. The caveat directing attention to "INSTRUCTIONS AS TO QUALIFICATIONS" could very well be interpreted as referring to the character of the applicant's business and the kind of product he was producing or processing. The instructions begin in that vein, stating that the person claiming deductions as processors "must name the product processed by him and describe the method of processing such product." The instructions then go on further defining a "processor" and "processed product." It is not until the reader reaches the last "NOTE" that he finds any reference to the assessor's part in the procedure. And even at that point the instructions are ambiguous. We agree with plaintiff that note 2 appears to emphasize the importance of meeting the deadline rather than the place where proof of the exemption is to be filed.

But in addition to this ambiguity the note, in referring to "THE REQUIRED PROOF," leaves uncertain the relation of that proof to the affidavit itself. As we previously observed, the instructions preceding notes 1 and 2 relate to the type of product and the manner of dealing with it to qualify for the exemption. And the affidavit itself requires only the listing of the amount of property on hand January 1, subject to cancellation, the amount shipped before May 1, the place to which the property is shipped, and the value remaining subject to tax. No part of the form provides "PROOF" which would establish that the processor is

dealing with a raw product or that he is not "a processor who sells processed products not processed by him," or any of the other qualifications set out in the instructions. This being so, one reading note 2 might well understand that the "PROOF" required to be "FURNISHED TO THE ASSESSOR" was something other than the affidavit itself.

The ambiguous nature of the form and the instructions were enough to mislead a reasonable person. This in itself would be sufficient to estop defendant and the assessor from denying plaintiff's claim to the exemption in this case. Plaintiff's assertion of an estoppel against the taxing authority is made even stronger by the added fact that defendant misinformed plaintiff as to the proper place for filing the claim to exemption.

In *Johnson v. Tax Commission,* 248 Or 460, 435 P2d 302 (1967), we held that the doctrine of estoppel would be applied where the taxing authorities were in part responsible for misleading the taxpayer into relying upon a tax form which was superseded by an amended form. We think that defendant's conduct in the present case was equally misleading and that, therefore, the principle of estoppel should be applied to preclude defendant and the assessor from denying an exemption to plaintiff.

The judgment of the tax court and the Department of Revenue Order No. VL 70441, dated October 23, 1970, are reversed.