## OREGON PORTLAND CEMENT COMPANY *v.*
## DEPARTMENT OF REVENUE

Maurice O. Georges, Miller, Anderson, Nash, Yerke and Wiener, Portland, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered April 20, 1973.

CARLISLE B. ROBERTS, Judge.

This is an appeal from the Department of Revenue's Order No. VL 71-757, denying relief under ORS 307.405 for the 1971-1972 tax year. The undisputed facts are:

During the years 1966, 1967 and 1968, the plaintiff

installed facilities relating to the control of air pollution in its cement plant, located in Section 11, T 2S, R 1E, County of Clackamas, State of Oregon, and applied for and received certifications from the Environmental Quality Commission (formerly the State Sanitary Authority) pursuant to ORS 449.635. Plaintiff applied for and was granted an exemption from ad valorem taxation on these facilities pursuant to ORS 307.405 and 307.420 for the tax years 1969-1970 and 1970-1971. ORS 307.420 provides:

> "Before any exemption from taxation is allowed under ORS 307.405, the person claiming the exemption shall file with the county assessor, not later than April 1 in the first year in which he claims such exemption, a written claim for such exemption prepared on a form prescribed by the Department of Revenue and furnished by the assessor, and shall file with the assessor with his first claim for exemption the certificate issued by the Environmental Quality Commission under ORS 449.635 covering the property for which exemption is sought. * * * Each year thereafter to continue such exemption, the taxpayer must file not later than April 1 a statement with the county assessor, on a form prescribed by the Department of Revenue and furnished by the assessor, stating that the ownership of all property included in the certificate and its use remain unchanged."

However, for reasons which were not divulged, no claim was filed by plaintiff pursuant to ORS 307.420 for the tax year 1971-1972 until July 26, 1971. Plaintiff admits that the late filing was stimulated by some statement of the Clackamas County Assessor on May 27, 1971, of the failure to file on or before April 1. The Assessor for Clackamas County did not exempt the subject property and so notified the plaintiff on August 6, 1971, after which a timely petition was filed

with the defendant, a hearing followed and relief was denied.

The complaint and the arguments of the plaintiff infer that in some way the assessor was derelict in his duty vis-a-vis the plaintiff, but the plaintiff did not sustain the burden of proof. Plaintiff has contended that the county assessor has in some manner failed to carry out his duties as required by ORS 307.420. This statute only requires the county assessor to "furnish" a form prescribed by the Department of Revenue. A witness on behalf of the defendant, Mr. Donald W. Sadler, a member of the staff of the Assessor of Clackamas County, testified that since the law became effective in 1968, there were only five or six taxpayers who had come within the provisions of ORS 307.405 and that only two or three new or renewed applications were received in any one year; that forms were available in the assessor's office and given upon request and that this practice had remained unchanged from the inception. Plaintiff admits that in prior years it had requested the necessary forms from the assessor and had filed them within the prescribed time but had failed to make a request or to file on or before April 1 in the year in dispute.

That no duty is placed upon the assessor to take affirmative action to place the forms in the hands of the taxpayers is made clear by the statute. Looking to the first sentence of ORS 307.420, the language imposing a duty upon the assessor with respect to the initial application is exactly the same as that found in the last sentence of the same section involving renewals, yet it is plain that the assessor could not know in the first year who would be applicants. The words in ORS 307.420, "furnished by the assessor," do not

impose upon the assessor the affirmative duty of mailing or otherwise transporting the forms to the interested taxpayers. *Wright v. Weil Brothers and Co.,* 75 Ind App 497, 130 NE 878 (1921).

The court takes notice that the legislature has made no provision for a warning and extension of time in the case of pollution control facilities, such as is found in some other exemptions. See ORS 307.163, requiring the assessor to notify owners of certain exempt property that they have not filed required statements in time, and providing for late filing. A similar provision was once a part of the exemption of unzoned farmland in ORS 308.375 (4) (1969 Replacement Part). A special provision of this kind is still to be found in ORS 311.678 with respect to deferred collection of homestead property taxes.

■■ The period of time allowed by the legislature in which to file under ORS 307.420 cannot be extended by any assessor, the defendant or the court. *Lane County v. Heintz Const. Co. et al,* 228 Or 152, 157, 364 P2d 627 (1961). One seeking the benefit of an exemption statute must comply with its procedural requirements. *State v. Allred,* 67 Ariz 320, 195 P2d 163 (1948); *Chesney v. Byram,* 15 Cal2d 460, 101 P2d 1106 (1940); *Crawford v. Commission,* 3 OTR 185 (1968).

The defendant's Order No. VL 71-757 is affirmed.