## CASCADE MANOR, INC. and EVERGREEN UNION RETIREMENT ASSOCIATION, INC.
### v. DEPARTMENT OF REVENUE

Edward Ray Fechtel, Husband, Johnson & Fechtel, Eugene, represented plaintiff Cascade Manor, Inc.

Roy Dwyer, Dwyer & Jensen, P. C., Eugene, represented plaintiff Evergreen Union Retirement Association, Inc.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered March 28, 1974.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appealed from the defendant's Order No. VL 73-282, dated June 5, 1973. The order denied the plaintiffs the partial exemption from taxation for

1972-1973 which is allowed qualified nonprofit homes for the elderly pursuant to ORS 307.370 et seq. Two questions of law are presented for determination: (1) Do the provisions of ORS 307.380 expressly require the Lane County Department of Assessment and Taxation to take affirmative action to place necessary claim forms in the hands of interested corporations on or before April 1 of each year? (2) Under the facts of the present case, is the Lane County Department of Assessment and Taxation estopped to deny to the plaintiffs the benefits of ORS 307.370-307.385 for the tax year 1972-1973?

The court finds the following statements to be true:

1. ORS 307.370 to 307.385, found in Oregon Laws 1969, ch 587, was first applicable to the property tax year 1970-1971. It extended to veterans and senior citizens residing in nonprofit homes for the elderly an equivalent of the property tax relief provided by ORS 307.370 to 307.385, through an abatement of the property tax of the nonprofit home which must be reflected in a diminution in the rent of the individual. A portion of taxes upon the real property and the personal property of the eligible nonprofit home is also involved.

2. ORS 307.380 (4) imposes upon the Department of Revenue a duty to determine the eligibility of a nonprofit home for the partial exemption from taxation and to furnish to the county assessor a statement certifying the qualification or nonqualification of such corporation. The plaintiffs were the only corporations in Lane County designated as eligible for the benefits of the statute, and certification to the Director of the Department of Assessment and Taxation of Lane County (hereinafter designated "assessor") was made

by letters to the plaintiffs and to the assessor, dated March 3, 1970, signed by the Director of the Department of Revenue. These letters made no mention of the due date, April 1, on or before which the claims for exemption had to be filed annually with the assessor by the plaintiffs.

3. ORS 307.380 (1) requires each corporation claiming the personal property tax exemption to "file with the county assessor, *on forms supplied by the assessor,* a written claim therefor in duplicate on or before April 1 of each year in which the exemption is claimed, * * *. If the claim for any year is not filed within the time specified, the exemption shall not be allowed on the assessment roll for that year. * * *" (Emphasis supplied.)

4. A highly experienced member of the Lane County Assessor's staff, designated as the "exemption clerk," upon being apprised of the authorization of the plaintiffs to obtain the benefits of the statute, as certified in the Department of Revenue's letter of March 3, 1970, immediately thereafter, of her own volition, as a service to the taxpayers, mailed copies, in triplicate, of the exemption forms to each of the plaintiffs for the tax year 1970-1971. Each plaintiff filled in the forms as requested, filed them on or before April 1, 1970, and obtained the contemplated benefits for the corporations and for certain residents of the homes. The process was repeated for the tax year 1971-1972, initiated by the voluntary mailing of forms to the plaintiffs by the exemption clerk. No mailing of forms was made by the exemption clerk for the 1972-1973 tax year, the year here in question.

5. The form provided to the assessors by the Department of Revenue for the years 1970-1971 and 1971-

1972 contained no notice of the due date for filing the form as set forth in ORS 307.380 (1). A warning of the April 1 filing limitation first appeared on forms supplied the assessor by the Department of Revenue for the 1973-1974 tax year.

6. The assessor's exemption clerk testified that in the spring of 1972, "* * * for some reason, probably due to the work load, I neglected to notify" the plaintiffs by sending copies of the application forms to them as she had done in the spring of 1970 and in 1971. She became aware of this fact in June 1972 when she began entering various exemptions in the assessment roll, whereupon she notified the assessor and he, in turn, after conferring with the Lane County District Attorney, orally notified the officers of the plaintiffs of their failure to file claims for the ORS 307.370 exemption.

7. Immediately thereafter, representatives of the plaintiffs went to the exemption clerk and requested the necessary forms required by ORS 307.380. Thereupon the clerk typed in, at the head of the triplicate form, the due date for filing and gave the corporation representatives the amended forms.

8. The forms were filled in by the respective corporations and filed with the assessor with reasonable diligence and speed, after which they were officially rejected by the assessor as not timely filed. The letter of rejection states: "We would strongly recommend you appeal this to the State Department of Revenue, * * *."

9. Certain eligible veterans or veterans' widows, residing in Cascade Manor, had independently filed with the assessor the claims for veterans' benefits

under ORS 307.250 et seq. It has been stipulated that these individuals had made a timely filing under ORS 307.380 (2) and that the benefits of that section must be allowed them for the tax year 1972-1973.

In answer to the first question of law presented, the court holds that the provisions of ORS 307.380 do not require the county assessor to take affirmative steps to place the claim forms in the hands of interested corporations on or before April 1 of each year. The principles set forth in *Ore. Portland Cement v. Dept. of Rev.*, 5 OTR 218 (1973), are applicable here.

The second question is, whether, under the facts in the present suit, the Lane County Department of Asssessment and Taxation is estopped to deny to the plaintiffs the benefits of ORS 307.380 et seq.

Defendant points out that the following elements must normally be present in order to justify the application of the doctrine of equitable estoppel: (1) There must be a false representation or misleading conduct on the part of the official; (2) the misrepresentation must be made with knowledge (actual or constructive) of the true facts and with intention to mislead; (3) the party claiming the estoppel must not have knowledge of the true facts and have no reasonable means of ascertaining the truth; (4) there must be reliance, in good faith, upon the conduct of the party to be estopped; and (5) there must be injury to the party claiming the estoppel.

The facts in the present case show that there was no false representation but there was misleading conduct. The second element is lacking, in that the court finds that there was no intention to mislead; there was merely negligence to carry out an assumed duty. As to

the third element, the parties claiming the estoppel did not have knowledge of the true facts but they did have reasonable means of ascertaining the truth if it had occurred to them to ask. The court has no doubt that the fourth and fifth elements are met since there was reliance, in good faith, upon the conduct of the exemption clerk and there has been injury to the parties claiming the estoppel.

Based on the total testimony of the several witnesses (all of whom impressed the court by their candor and frankness), the court finds that the plaintiffs had come to rely upon the procedure followed in the first two years by the exemption clerk and that they reasonably relied thereon. The clerk herself intended to continue the practice of placing the forms in the hands of the corporate officers but failed to do so through oversight.

The principles of *Johnson v. Tax Commission,* 248 Or 460, 435 P2d 302 (1967), and of *Pilgrim Turkey Packers v. Dept. of Rev.,* 261 Or 305, 493 P2d 1372 (1972), must control in the present suit. The facts in those cases differ from this in that, in both of those cases, the necessary form was in the hands of the taxpayer and the failure to meet the statutory requirement for exemption was found to be based upon defects in the form itself. In the present case, the form used in prior years could be deemed defective in not stating the filing date thereon, but the chief reliance of the taxpayers is on the course of conduct of the exemption clerk, not in the form. However, in neither the *Johnson* case nor the *Pilgrim Turkey Packers* case, was there any hint that the misrepresentation was made with the intention to mislead; this element of equitable estoppel was disregarded by the Supreme Court. It is also ob-

vious that access to the pertinent law was available to the parties in each instance but the court appears to have waived this third element of estoppel, urged by defendant. (This may explain the use of the term "quasi estoppel," used by the judge of the Oregon Tax Court in the decision of *Johnson v. Commission,* 2 OTR 504 (1967), *aff'd* at 248 Or 460 (1967).)

As stated in *Johnson v. Tax Commission, supra,* at 463-464:

"* * * The policy of efficient and effective tax collection makes the doctrine of rare application. It could only be applied when there is proof positive that the collector has misinformed the individual taxpayer and the taxpayer has a particularly valid reason for relying on the misinformation and that it would be inequitable to a high degree to compel the taxpayer to conform to the true requirement. * * *"

The court finds that the facts within the present case bring it within the exception thus enunciated. See also the discussion in *Johnson v. Commission,* 2 OTR 504 (1967).

The defendant's order is set aside as void. The Lane County Department of Assessment and Taxation and the County Commissioners of Lane County are directed and required to take the necessary steps to give effect to the plaintiffs' applications for exemption under ORS 307.370 for the tax year 1972-1973.