CARLISLE B. ROBERTS, Judge.
 

 The defendant moved to dismiss plaintiffs appeal from a denial of a homeowner’s property tax refund. The denial was based on the fact that the property tax
 
 *[457]
 
 relief application form was filed after the December 31, 1977, deadline established by Or Laws 1979, ch 600, § 4(2). The defendant also alleged that the plaintiff was guilty of laches.
 

 The plaintiff claimed that reliance on page 2 of the printed "Instructions for Homeowner Form,” issued by the department, entitled him to a refund on the grounds of equitable estoppel. The plaintiff also alleged that he is entitled to relief under OHS 307.475 (the "hardship” statute) because his detrimental reliance constituted good and sufficient cause to file late.
 

 The plaintiff’s claimed reliance on equitable estop-pel is based on a printed informational release furnished by the defendant with a headline, "Property Tax Relief for All Oregonians,” with the subtitle, "Instructions for Homeowner Form.”
 
 (See
 
 Exhibit C, attached to plaintiff’s complaint.) The printed material on page 2 employed a question-and-answer format. Questions were printed in boldface type with the answer immediately following in standard type but with certain words accented in boldface. Pertinent portions, with underlining substituted for boldface type, read:
 

 "When do I file?
 

 "File as soon as possible but not later than August 1, 1979.
 

 "What happens if I file late?
 

 "If you file after August 1,1979, it will be too late to show your reduced, taxes on your property tax statement. You will have to pay the full amount of tax due. A refund check for up to 30 percent of your taxes will be sent to you later.”
 

 The instructions did not specify the late filing deadline of December 31, 1979, set out in the statute. A disclaimer is printed at the bottom of page 2 in boldface type, stating, "This packet isn’t a complete statement of laws or Oregon Department of Revenue rules related to the Property Tax Relief Plan.”
 

 
 *[458]
 
 Plaintiff paid his 1979-80 property taxes in full and filed for property tax relief on or about April 24,1980. A petition for review was filed in the latter part of June 1980.
 

 The defendant moved for a dismissal of the complaint filed in this court on the grounds that the complaint on its face notes that the claim for property tax relief was filed after the December 31, 1979, deadline established by Or Laws 1979, ch 600. The defendant argued that the department is not required to and is not able to cover all the statutory provisions in its instructions and pointed out that the printed instructions packet stated that it was not a complete statement of laws or of department rules. Therefore, defendant contends that the omission of the statutory deadline in the instructions is not grounds for equitable estoppel. Additionally, the defendant claims that the plaintiff is guilty of laches in failing to file his claim for relief within a reasonable time.
 

 In support of equitable estoppel, the plaintiff cited several cases where the doctrine had been applied when a taxpayer had relied on misleading official instructions or conduct.
 
 Uniroyal v. Dept. of Rev.,
 
 5 OTR 29 (1972);
 
 Pilgrim Turkey Packers v. Dept. of Rev.,
 
 4 OTR 498,
 
 rev’d
 
 261 Or 305, 493 P2d 1372 (1972); and
 
 Johnson v. Commission,
 
 2 OTR 504,
 
 aff'd
 
 248 Or 460, 435 P2d 302 (1967), involved defects in an official printed form. In
 
 Cascade Manor, Inc. et al v. Dept. of Rev., 5
 
 OTR 482 (1974), the issue was that of a pattern of gratuitous conduct by the assessor’s deputy, leading to dependence on the part of the taxpayer.
 
 Hinson v. Dept. of Rev.,
 
 7 OTR 397 (1978), concerned official letters written by the assessor’s deputy which lulled the taxpayer into inaction.
 
 *
 

 The above cases involve positive acts, either that of official printed information that is erroneous or offi
 
 *[459]
 
 cial conduct that is misleading. In the instant case, the issue involves an alleged omission in an official instruction. Should the omission of a statement of the statutory deadline (Or Laws 1979, ch 600, § 4(2)) estop the defendant from denying the untimely filed claim?
 

 The facts in this case show that the plaintiff read the instructions stating that one must file no later than August 1, 1979. The facts show that the plaintiff waited almost nine months before filing the subject claim. Under the circumstances found here, this is an excessive length of time before action was taken, even if the defendant had not included a caveat printed in boldface type that the complete law was not printed.
 

 The legislature is responsible for enacting a statutory scheme of taxation but each taxpayer has certain definite responsibilities, also. Taxpayer responsibility is stressed in court decisions as well as in statutes.
 
 Skyline Assembly of God v. Dept. of Rev.,
 
 274 Or 259, 545 P2d 879 (1976);
 
 Hood River County v. Dabney,
 
 246 Or 14, 28, 423 P2d 954, 961 (1967);
 
 State v. Martin,
 
 90 NM 524, 565 P2d 1041,
 
 cert denied
 
 90 NM 636, 567 P2d 485 (1977);
 
 Rosboro Lbr. Co. v. Heine, et al,
 
 8 OTR 221 (1979),
 
 aff’d
 
 289 Or 899, 618 P2d 960 (1980);
 
 Renewal House, Inc. v. Dept. of Rev.,
 
 5 OTR 638 (1974).
 

 The grounds for estoppel set out by plaintiff would carry the doctrine developed in the Oregon cases much further than the factual situations in the cases justify. The caveat in
 
 Johnson v. Tax Commission,
 
 248 Or 460, 463-464, 435 P2d 302, 304 (1967), applies to this case. The administrator did not misinform the taxpayer.
 

 It is the duty of taxpayers to keep adequate records, to check tax assessments and to follow statutory guideposts. Most human affairs are affected by a termination date. The omission of such a date in the defendant’s instructions does not relieve taxpayer of ascertaining when such a date occurs. Time and
 
 *[460]
 
 budgets do not permit the administrators to lead a taxpayer by the hand through the lengthy path of the law. The government cannot afford the application of the doctrine of equitable estoppel by reason of an alleged omission of duty, as urged by plaintiff, under the facts alleged in this suit.
 

 If the doctrine of equitable estoppel were deemed applicable here, the court would still find it necessary to hold that, by waiting approximately nine months before taking any action, the plaintiff was guilty of laches and could not recover.
 

 Plaintiff’s second argument, that he should be granted relief under the "hardship” statute, ORS 307.475, overlooks the requirement in that statute that the plaintiff’s application for relief thereunder must be made to the Director of the Department of Revenue "not later than December 15 of the year in which the failure to claim the exemption or cancellation of assessment occurred.” The pertinent year was 1979 and plaintiff did not appeal to the director for any purpose until June 1980.
 

 ORS 307.475 was written to cover some cases of "hardship” prior to the enactment of Or Laws 1979, ch 600. The time limitation is sufficient to dispose of plaintiff’s issue. The court, therefore, does not resolve the question of whether ORS 307.475 (a statute containing many unsolved questions) is applicable to plaintiff’s case under the facts of this suit. Now, therefore,
 

 IT IS HEREBY ORDERED that the defendant’s motion of dismissal of plaintiff’s complaint should be and is granted, and the complaint is dismissed, with prejudice.
 

 *
 

 The plaintiff cited a sixth case,
 
 Rogers et al v. Dept. of Rev.,
 
 6 OTR 139 (1975), which is not relevant to the instant case.