## IN THE OREGON TAX COURT

### TILLAMOOK BAY COMMUNITY COLLEGE SERVICE DISTRICT
*v.*
### DEPARTMENT OF REVENUE
(TC 2750)

William R. Canessa, Campbell, Moberg & Canessa, P.C., Seaside, represented plaintiff.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 4, 1989.

**CARL N. BYERS, Judge.**

Plaintiff appeals the dismissal of its petition by defendant for lack of prosecution. Due to extenuating circumstances, counsel have stipulated that this court may consider this matter on the merits.[1]

---

[1] Counsel stipulated that at the time of dismissal plaintiff had sent the requested documents but they had not reached the hearings officer.

■ Plaintiff is the lessee of certain property and alleges eligibility for exempt status under ORS 307.112. This statute provides that real or personal property leased by certain institutions will be exempt from taxation if:

"(a) The property is used by the lessee in the manner, if any, required by law for the exemption of property owned or being purchased by it; and

"(b) It is expressly agreed within the lease or lease-purchase agreement that the rent payable by the institution, organization or public body has been established to reflect the savings resulting from the exemption from taxation.

"(2) The lessee shall file a claim for exemption with the county assessor * * * showing:

"* * * * *

"(c) A true copy of the lease or lease purchase agreement covering the property for which exemption is claimed.

"* * * * *

"(3) The claim shall be filed on or before April 1, except that if the lease or lease-purchase agreement is entered into after March 20 but not later than June 30, the claim shall be filed within 30 days * * *."

Plaintiff entered into a lease agreement for the subject property for a period beginning August 1, 1984, until July 31, 1987. Plaintiff's president testified that before the lease was executed, he telephoned the Tillamook County Assessor to inquire if plaintiff could obtain an exemption for the property and was given a negative answer. He also testified that a lawyer was consulted who made a similar inquiry of the assessor and received the same answer. The lawyer did no legal research on the subject.

On January 27, 1987, the witness wrote the assessor stating:

"I have been recently made aware, by an Oregon Department of Revenue circular, that leased property can be exempt if the property is leased to an exempt organization. (ORS 307.112)."

The letter asked that the assessor grant a tax exemption for the subject property and reimburse plaintiff for taxes paid for 1984-85, 1985-86 and 1986-87. The witness testified that no answer was received.

Plaintiff applied for property tax exemption of the leased property for 1987-88.[2] The application was denied. Plaintiff then appealed to the Department of Revenue seeking reimbursement of taxes paid for 1984-85 through 1986-87 and exemption for 1987-88.

The essence of plaintiff's claim is that the assessor misled plaintiff with erroneous information and, therefore, the state should be estopped from denying exemption. Plaintiff claims that because it was misinformed by the assessor, it filed no application for exemption except for the 1987-88 tax year.

In some circumstances it may be necessary to apply the doctrine of estoppel against the government to prevent the miscarriage of justice. However, jurisdictions have differed on the quantum of proof required, ranging from "preponderance of the evidence" through "clear and convincing evidence" to "strict proof." Annotation, *Quantum or Degree of Evidence Necessary to Prove an Equitable Estoppel*, 4 ALR 3d 363 (1965).

Recognizing that the policy of efficient and effective tax collection makes the doctrine of estoppel of rare application, Oregon courts have required "proof positive" that the collector misinformed the taxpayer. *Johnson v. Tax Commission*, 248 Or 460, 435 P2d 302 (1967); *Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 493 P2d 1372 (1972). The wisdom of that decision is evident from the circumstances of this case. By claiming estoppel, plaintiff seeks to be excused from complying with two requirements: (1) that the lease expressly indicate that the rent payable reflects the savings of tax exemption, and (2) that the claim for exemption be timely filed. (ORS 307.112.) The legislature expressly established these conditions to obtain the exemption. To the extent that taxpayers are excused from complying with these requirements, the law of the legislature is supplanted by the agency of the individual.

Plaintiff's only "proof" in this instance consists of the testimony of plaintiff's president that he acted on the

---

[2] A copy of the application is attached to plaintiff's letter (Plaintiff's Ex 3). It appears that it was submitted on January 28, 1987 and that the assessor denied it on March 5, 1987.

basis of two phone calls to the assessor. There is no corroborating evidence of what was asked, how much information was given the assessor or of the assessor's reply. The witness testified that an attorney called the assessor on plaintiff's behalf. Neither the assessor nor the attorney was subpoenaed to appear at trial nor was either deposed. No written memoranda of the telephone call was presented. Without more "fleshing out" of the totality of the circumstances, plaintiff fails to reach the required quantum of "proof positive."

The court finds that plaintiff failed to comply with the requirements of ORS 307.112 for exemption of the leased property and did not meet the required "proof positive" for application of estoppel. The Department of Revenue's Opinion and Order No. 87-1281 is affirmed.

Costs to neither party.