# IN THE OREGON TAX COURT

Joseph F. P. SIMONE
*v.*
DEPARTMENT OF REVENUE
(TC 2967)

Plaintiff appeared *pro se.*

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 6, 1991.

**CARL N. BYERS, Judge.**

Defendant disallowed losses claimed by plaintiff as an S corporation shareholder and assessed a deficiency for 1984, 1985 and 1986. Plaintiff appeals from those assessments.

Defendant found that plaintiff did not have enough basis in his S corporation stock to deduct pass-through losses.

Plaintiff believed he did because he had personally guaranteed the S corporation's loans. However, it is well settled that guaranteeing a loan to an S corporation does not increase the shareholder's basis in the stock. *Blum v. Commissioner*, 59 TC 436 (1972). Plaintiff now concedes that point.

Plaintiff's only remaining claim pertains to the 1985 year. Defendant audited plaintiff's 1985 return in 1987. After a thorough examination, defendant sent plaintiff a letter stating in part: "The return has been accepted as filed, and no adjustment will be necessary."

In 1988, another auditor examined the tax returns of the S corporation of which plaintiff was a shareholder. Based on that examination, defendant contacted plaintiff to verify the amount of plaintiff's basis in the S corporation stock. The auditor determined that plaintiff's basis was not as much as plaintiff claimed. Defendant disallowed plaintiff's loss deductions, resulting in the deficiencies.

Plaintiff asserts that once defendant has audited a taxpayer's return and issued a "no adjustment" letter, defendant should be barred from later adjusting the return. Plaintiff, who appeared *pro se,* couched his arguments in terms of "unfair." The nature of his argument is that defendant's actions are inequitable and defendant should be estopped.

Defendant maintains there is nothing unfair about its actions. Defendant points out that taxpayers can correct errors by filing amended returns. Defendant claims the right to correct errors made by its auditors. ORS 305.265(2) permits the department to adjust a taxpayer's return after examining it. Defendant's rule provides:

> "If, after the original deficiency has been assessed, subsequent information shows the correct amount of tax to be greater than previously determined, an additional deficiency arises." OAR 150-305.265(2)-(A).

If defendant may correct an original deficiency based on subsequent information, it should be able to assess a deficiency based on subsequent information after a "no adjustment" letter has issued. Defendant has three years

during which to find errors in the taxpayer's returns or records. ORS 314.410.[1]

Unlike the federal system, Oregon does not have many detailed statutes for administering its income tax laws. For example, IRC § 7605(b) provides:

> "No taxpayer shall be subject to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

Although this statute is not applicable to Oregon income taxes, even if it were, plaintiff would have no claim for relief. Under the federal statute, even after a "no change" notice has issued, the IRS may still impose a deficiency based upon examination of another entity's books, such as a partnership or S corporation. *See, for example, Alan Moskowitz,* 56 TCM (CCH) 662 (1988), and *Grossman v. Commissioner,* 74 TC 1147 (1980).

Plaintiff is understandably frustrated and unhappy. However, there is nothing in the circumstances here which would justify estopping defendant from proceeding in accordance with the statutes. Defendant has a duty to administer the statutes as enacted by the legislature. It should not be barred from carrying out that duty except in rare and unusual circumstances. *Johnson v. Tax Commission,* 248 Or 460, 435 P2d 302 (1967). This is not one of those cases.

The court finds defendant's Opinion and Order No. 88-4366 should be sustained. Judgment will be entered accordingly. Costs to neither party.

---

[1] As defendant points out, the period may be extended if the S corporation or partnership return is filed later than the individual's return. ORS 314.410(9).