# IN THE OREGON TAX COURT

## SCHAUER
*v.*
## DEPARTMENT OF REVENUE
(TC 2485)

Plaintiff appeared on her own behalf.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered February 2, 1987.

**CARL N. BYERS, Judge.**

This case arises out of plaintiff's claim for an income tax refund for the year 1979. The claimed refund was based upon an income tax subtraction for pension income plaintiff had received as the surviving spouse of a United States Public

Retiree. Defendant denied the refund claim, which was filed on February 26, 1985, on the grounds that it was filed late.

■ ■     Prior to 1983, one of the modifications to federal taxable income allowed in computing Oregon's taxable income was a deduction for amounts received by a retiree under a public retirement system. ORS 316.067. By section 1 of chapter 381, Or Laws 1983, the legislature expanded the right to permit surviving spouses of public retirees to take the deduction. The legislature made this change retroactive. Section 2(3) of chapter 381 provides:

> "Any taxpayer who has not been granted the subtraction accorded by the amendments to ORS 316.067 by section 1 of this Act for a tax year beginning on or after January 1, 1976, and prior to January 1, 1983, may make application for the adjustment, cancellation, credit or refund described in section (2) of this section. The application for the tax years otherwise closed to audit or adjustment shall be made on or before January 1, 1985. Personal income tax forms prepared and distributed for the 1983 tax year shall contain information describing the subtraction and the manner in which application may be made under this subsection. If a taxpayer fails to make the application described in this subsection within the required time, no adjustment, cancellation, credit or refund shall be made under subsections (1) and (2) of this section."

As noted above, plaintiff did not file a refund claim until February 26, 1985, some 56 days after the January 1, 1985, deadline. Plaintiff has alleged, and the court accepts as true, that both she and her tax consultant who prepared the amended return for 1979 were unaware of the January 1, 1985, deadline. Since 1979 was a closed year, the specific deadline date was critical. Plaintiff alleges that had she been aware of it, the return could have been filed timely. Plaintiff contends that defendant was required by the statute to expressly state the statutory deadline of January 1, 1985, in its tax forms and instructions. The sole issue in this case is whether the defendant was so obligated.

■     The statutory mandate given to the defendant by the legislature was that the personal income tax forms for the 1983 tax year "shall contain information *describing the subtraction* and the *manner* in which the application may be made under this subsection." (Emphasis added.)

In response to this mandate, the 1983 Oregon individual income tax return booklet included the following information under the heading "New Oregon Tax Laws":

"Retirement income of surviving spouse. The law for some retirement income subtractions has changed.

"Are you a surviving spouse who received retirement income benefits:

"And

"Are your benefits from:

"—U.S. public retirement income, or

"Oregon local government retirement income?

"If so, you may now qualify for a retirement income subtraction in tax years after 1975.

"Important: If you qualified for a subtraction after 1975 but didn't claim it on your Oregon return, call or write to us. But first, check your records to see if you already claimed the subtraction. It should be identified on the Oregon return as 'U.S. public retirement income' or "Oregon public retirement income.' If you didn't claim the subtraction and can show that you meet the qualifications, let us know (see page 47). If you had U.S. retirement income, see page 21. If you had Oregon retirement income, see page 27." (1983 Oregon Individual Income Tax Return booklet, at 3.)

The heading "Retirement income of surviving spouse" is printed in bold type. The information given is sufficient to alert those who may qualify for the deduction to the change in the law. For those who may qualify, the instructions direct the taxpayer to make application by contacting the department and provides phone numbers and addresses. The information thus provided, although in the court's opinion a bare minimum, satisfies the obligation imposed by the legislative directive to describe the subtraction and the manner in which the application may be made. The legislature did not expressly require the defendant to notify the taxpayers of the cut-off date. To have inserted information about the cut-off date would have been highly desirable, helpful to the taxpayers and appropriate. However, it was not required.

On the other hand, if plaintiff wished to receive a subtraction for retirement income in accordance with the statute, she was required to accomplish two tasks. First, she was required to complete the appropriate application materials

provided by the department and, second, to file those materials by the deadline stated in the statute. In *Stineff v. Dept. of Rev.*, 8 OTR 456, 459 (1980), this court noted the responsibilities of taxpayers and stated:

> "The legislature is responsible for enacting a statutory scheme of taxation but each taxpayer has certain definite responsibilities, also. Taxpayer responsibility is stressed in court decisions as well as in statutes. * * *
>
> "* * * * *
>
> "It is the duty of taxpayers to keep adequate records, to check tax assessments and to follow statutory guideposts. Most human affairs are affected by a termination date. The omission of such a date in the defendant's instructions does not relieve taxpayer of ascertaining when such a date occurs."

■     Here taxpayer finds herself in a similar situation. The statute clearly stated the deadline date and it was plaintiff's responsibility to determine and abide by the deadline if she wished to receive the refund. Also, similar to *Stineff*, the individual income tax return form contained a disclaimer which reads: "This booklet isn't a complete statement of laws and Oregon Department of Revenue rules. You may need more information or forms." (1983 Booklet, at 8.)

Having determined that the filing deadline date of January 1, 1985, was not required by the legislature to be inserted in the forms and instruction booklet, plaintiff cannot prevail in this case. Accordingly, judgment will be entered dismissing plaintiff's case, with prejudice. Costs to neither party.