## IN THE OREGON TAX COURT

### NEW TESTAMENT BAPTIST CHURCH INC.,
aka First Baptist Church of Coburg

*v.*

### DEPARTMENT OF REVENUE
(TC 2335)

David E. Carmichael, Eugene, represented plaintiff.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered August 1, 1986.

**CARL N. BYERS, Judge.**

Plaintiff appeals from defendant's denial of its claim for exemption from ad valorem property taxation on its church property. Only the tax year 1984-1985 is before the court.

Plaintiff once owned church property located on Pearl Street in Coburg, Oregon. Recognizing it needed larger facilities closer to Eugene, plaintiff negotiated and agreed to exchange its property for a church located on County Farm Road in Eugene owned by the Church of God of Oregon. Plaintiff's pastor, William Rench, was assigned by his congregation to verify the values of the property and look after

details of the transaction. As an initial step, Pastor Rench went to the Lane County Department of Assessment and Taxation (the assessor's office) for information. While there, he found that the records contained a notice of a potential tax liability. Pastor Rench inquired of the assessor's office and found that the notice pertained to a matter not related to the tax exempt status of the property. Pastor Rench testified that he disclosed the proposed exchange of church properties to the clerk in the assessor's office and asked whether there would be any "tax problems." The clerk answered in the negative. Thereafter, on June 6, 1984, the exchange transaction was recorded, and plaintiff acquired title to the subject County Farm Road property. In August, plaintiff was contacted by the assessor's office and informed that because plaintiff had failed to file an exemption application, the property would not be exempt for the 1984-1985 tax year. Plaintiff appealed to the Department of Revenue, which denied its petition and resulted in plaintiff's appeal to this court.

Plaintiff asserts that the defendant erred in three different respects and claims entitlement to exemption under three different statutes, ORS 311.205, 306.115 and 307.475. It is not necessary to consider ORS 311.205 because that statute by its terms is not applicable in this case. The plaintiff's claims under ORS 306.115 and 307.475 come down to this: that Pastor Rench relied on misinformation furnished by the assessor's office; that such reliance constitutes a "good and sufficient cause" under both statutes and therefore the defendant is required to either exercise its supervisory powers under ORS 306.115 or recommend allowance of the exemption under ORS 307.475. The one issue to be decided is whether Pastor Rench relied on misinformation.

It is important to note that plaintiff is not claiming the assessor is estopped from denying it an exemption. Plaintiff has not specially pleaded or proven such a claim. *Rogers et al v. Dept. of Rev.,* 6 OTR 139 (1975). What plaintiff does claim is that it was furnished misinformation by the assessor's office which it relied on. Reliance on misinformation may not rise to the standards required by estoppel but can constitute "good and sufficient cause" for failing to comply with the normal statutory procedure. OAR 150-307.475 provides in part as follows:

"(2) 'Good and sufficient cause' is an extraordinary circumstance beyond the control of the taxpayer, or the taxpayer's agent or representative, which causes a late filing.

"(a) Extraordinary circumstances include but are not limited to the following:

"* * * * *

"(C) Reasonable reliance on misinformation provided by county assessment and taxation staff or Department of Revenue personnel."

The hearings officer who drafted the opinion and order testified that plaintiff did not claim reliance on misinformation as the reason at the hearing. Rather, Pastor Rench's explanation clearly led the department to believe that the reason plaintiff failed to file was its ignorance of the requirements of ORS 307.162.

Although counsel for plaintiff has skillfully wrung the facts for all favorable inferences and attempted to hang those inferences on every relief statute, in common parlance, the claim will not wash. Taking the facts in their most favorable light, it is apparent that Pastor Rench never asked the right questions when he dealt with the assessor's office. He candidly admitted that he never asked if plaintiff was required to file a new statement. A taxpayer cannot be misinformed unless he provides the tax authorities with enough information to be led awry. In this case, the evidence was far too vague about what was said to whom for the court to find that plaintiff was misinformed.

Plaintiff argues that the assessor's office also misled plaintiff by assuring Pastor Rench the county would not contest plaintiff's appeal to the department but then assumed an adversarial role in the department hearing. Even if this occurred, it had nothing to do with whether plaintiff complied with the exemption statutes. Moreover, as one of defendant's witnesses pointed out, if Pastor Rench believed that the department hearing would be nonadversarial, once he obtained an impression to the contrary it is reasonable to expect that he would then verbalize any claim of having been misled. His failure to do so leads the court to agree with the defendant that misinformation was not the reason plaintiff failed to file an application as required by ORS 307.162.

It is regrettable that these circumstances occur. A small, struggling congregation undoubtedly can ill-afford to pay an unexpected tax bill. However, it has been made abundantly clear by prior cases that exemptions are matters of legislative grace, are to be strictly construed and may be obtained only upon compliance with statutory requirements. As a result, all taxpayers are required to achieve a minimal understanding of the tax laws if they wish to minimize their tax burdens.

Defendant's Opinion and Order No. 4-2512-20 is hereby affirmed. Defendant to recover costs.