Argued and submitted May 11; resubmitted July 20, judgment of the Tax Court affirmed July 21, reconsideration denied October 18, 1994

Jack P. MONGEON,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent,*

*and*

MULTNOMAH COUNTY,
*Intervenor below.*

(OTC 3378; SC S40783)

876 P2d 752

Jack P. Mongeon, argued the cause and filed the brief *pro se.*

Mary Lou Haas, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With her on the brief was Theodore R. Kulongoski, Attorney General, Salem.

GILLETTE, J.

## GILLETTE, J.

In this tax case, taxpayer challenges an order of the Oregon Tax Court that dismissed taxpayer's appeal of a property tax assessment on the ground that the appeal was not timely. We agree that the appeal to the Tax Court was not timely and, therefore, affirm.

Because the sole issue in this case is procedural, we need not address the underlying dispute, beyond noting that it involves a disagreement by taxpayer with the amount of an assessment by Multnomah County of the true cash value of taxpayer's residence. Taxpayer appealed that assessment to the Department of Revenue (the Department), which rendered an opinion and order adverse to taxpayer on November 16, 1992. Taxpayer acknowledges that the opinion and order were mailed to him on that date, but contends that he did not actually receive that opinion and order until November 27, 1992. On or after January 22, 1993, taxpayer filed a complaint in the Tax Court appealing the opinion and order of the Department.[1]

The Department moved to dismiss taxpayer's appeal to the Tax Court on the ground that the complaint had not been filed within the time provided by ORS 305.560(1):

> "[A]n appeal from an order of the department on an appeal taken pursuant to this chapter [from a property tax assessment] may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court * * * within 60 days after a copy of the order or notice of the order has been served upon the appealing party by mail as provided in ORS 306.805 * * *."

The Tax Court granted the motion and dismissed the appeal. Taxpayer then appealed that dismissal to this court.

---

[1] Although it is called an "appeal," a taxpayer's challenge in the Oregon Tax Court to a decision of the Department of Revenue of the kind at issue here is initiated by filing a "complaint" in the Tax Court. ORS 305.560. The complaint filed by the taxpayer in this case actually was received by the Tax Court on January 25, 1993. The envelope in which it was mailed bears a date stamp that is either January 22 or 23, 1993 — which of those two dates cannot be determined with certainty. For the purposes of this case, we shall assume that the date of filing was the earlier date, *viz*, January 22, 1993.

The opinion and order of the Department from which taxpayer appeals included the following notice to the taxpayer:

"Notice: If you want to appeal this decision, file a complaint in the Oregon Tax Court * * *. YOUR COMPLAINT MUST BE FILED WITHIN 60 DAYS AFTER *THE MAILING DATE* SHOWN ABOVE, OR THIS DECISION WILL BECOME FINAL AND CANNOT BE CHANGED."

(Capitalization in original; emphasis supplied.) As noted, the "mailing date shown above" on the opinion and order was November 16, 1992. That was 67 days before taxpayer's complaint was filed in the Tax Court. *See supra* note 1. Thus, if the "Notice" on the opinion and order correctly recited the law, the Tax Court's dismissal of the appeal was correct.

Taxpayer argues that the "Notice" was inaccurate in that it indicated that the time for appealing the order and opinion began to run on the date that the opinion and order was mailed to the taxpayer. Taxpayer argues that, instead, the time for appealing the opinion and order does not begin to run until the taxpayer actually receives it.

The answer is easily determined. As noted, ORS 305.560(1) allows an appeal to be filed "from an order of the department * * * by filing [the documents that constitute the notice of appeal] * * * within 60 days after a copy of the order or notice of the order *has been served on the appealing party by mail as provided in ORS 306.805*." (Emphasis supplied.) ORS 306.805(1) in turn provides, as pertinent to this proceeding:

"Orders of * * * the Department of Revenue in property tax cases *shall be served by mailing* a copy by certified mail to each taxpayer directly affected * * *."

(Emphasis supplied.)

We find the foregoing statutory texts, when read together, to be clear and unambiguous. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (when construing statute, function of court is to determine intent of legislature; intent may be determined from wording of statutes alone where text and context are clear). A taxpayer must be "served" with a copy of the opinion and order. ORS 305.560(1). Such service must be in conformance with the

procedure provided in ORS 306.805. *Ibid.* That procedure specifies that orders "shall be served *by mailing.*" ORS 306.805(1) (emphasis supplied). Even if we were to allow a period of time after mailing before service by mail is deemed complete, such as the three days allowed for such service under ORCP 9 B and 10 C, taxpayer's appeal was too late. When the statutes are read together, the completed thought is clear: Service has been accomplished when the opinion and order is mailed in the prescribed mode.[2] A taxpayer in the position of taxpayer here has 60 days from the date of mailing of the opinion and order in which to file his complaint. Taxpayer agrees that he did not do that in this case.

Perhaps recognizing the virtually syllogistic nature of the answer to the question that he raises in this court, taxpayer argues, in the alternative, that he was entitled to file a complaint later than the 60th day after the mailing of the opinion and order of the Department pursuant to two other statutes, ORS 305.275 and 305.280. Those statutes deal with appeals *to* the Department, not with appeals *from* an opinion and order of the Department. They are inapposite.

It follows from the foregoing that the judgment of the Tax Court in this case dismissing taxpayer's appeal was correct.

The judgment of the Tax Court is affirmed.

---

[2] The "prescribed mode" is certified mail. Taxpayer acknowledges in this case that the challenged opinion and order was served in the prescribed mode.