Submitted on record and briefs September 9, 1997, order of the Tax Court affirmed January 29, 1998

George R. GURS,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

(OTC 4073; SC 44105)

951 P2d 726

Carl N. Byers, Judge.

George R. Gurs, appellant, filed the briefs *pro se.*

Joseph P. Dunne, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.*

FADELEY, J.

___

* Kulongoski, J., did not participate in this decision.

**FADELEY, J.**

Taxpayer appeals from the Tax Court's dismissal of his complaint in that court. The Tax Court reasoned that taxpayer had not filed his complaint within 60 days after an adverse decision of the Department of Revenue (department) as required by ORS 305.560(1) (1995).[1] The issue is whether the Tax Court erred when it dismissed the complaint filed November 12, 1996, challenging a department opinion and order dated May 13, 1996.

Taxpayer seeks to be excused on various grounds from the statutory requirement of filing a complaint in the Tax Court within the statutory time limit. First, taxpayer points out that, acting *pro se*, he did file his "objection" with the director of the department. He asserts that his "objection" was made within 60 days and that it satisfied the requirements of ORS 305.560(1) (1995). Second, taxpayer asserts that the 60-day period should not have commenced running, because the department should have construed his "objection" as a motion to reconsider and made a ruling on that motion, thereby starting a new 60-day period. Third, taxpayer further asserts that the department misled him to "appeal" by way of his objections to the Department of Revenue, not the Tax Court, citing *New Testament Baptist Church v. Dept. of Rev.*; 10 OTR 286 (1986).

We are not persuaded by taxpayer's arguments. The Tax Court properly dismissed taxpayer's complaint, because it was filed more than 60 days after service of the department's opinion and order. *See Mongeon v. Dept. of Rev.*, 319 Or 303, 876 P2d 752 (1994) (so holding). Taxpayer's arguments are unavailing against the mandatory statute. Those arguments also fail on the factual record. We conclude that there is no basis in the record supporting taxpayer's claim that the matter was still before the department on a request

---

[1] ORS 305.560(1) (1995) provides, in part:

"[A]n appeal from an order of the department on an appeal taken pursuant to this chapter may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court at its principal office at Salem, Oregon, within 60 days after a copy of the order or notice of the order has been served upon the appealing party by mail as provided in ORS 306.805 * * *."

for reconsideration of the opinion and order. Indeed, the record demonstrates that a May 1996 letter informed taxpayer of the rejection of his objections. Likewise, the record does not disclose any reasonable basis to believe that taxpayer was misled concerning the applicability or effect of ORS 305.560(1) (1995).

The order of the Tax Court is affirmed.