IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SARA DIANE HORN,                )
                                     )
           Plaintiff,           )   TC-MD 140079D
                                     )
          v.                 )
                                     )
DEPARTMENT OF REVENUE,    )
State of Oregon,               )
                                     )
          Defendant.     )   **FINAL DECISION**

This Final Decision incorporates without change the court's Decision entered on September 22, 2014. The court did not receive a request for an award of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 19.

Plaintiff appeals Defendant's notices of proposed adjustment dated April 27, 2012, April 10, 2013, and April 18, 2013, disallowing Plaintiff's claimed working family child care credit (working family credit) and child and dependent care credit (child care credit) claimed for tax years 2011 and 2012. Defendant filed a motion to dismiss Plaintiff's 2011 appeal, stating that Plaintiff did not file a timely objection to its notices or timely appeal to the Magistrate Division.

A trial was held in the Oregon Tax Courtroom on August 4, 2014, in Salem, Oregon. Dale Kennedy, attorney, appeared on Plaintiff's behalf. Maureen Brown (Brown) and Robin Donaldson (Donaldson) testified on behalf of Plaintiff by telephone. Tony Inovejas (Inovejas), tax auditor, appeared and testified on behalf of Defendant.

Plaintiff's Exhibits 2 through 4, 10 through 11, and 15 through 20 were admitted without objection. Defendant's Exhibits A and B were admitted without objection.

/ / /

/ / /

Plaintiff filed a Motion to Allow Telephone Testimony on July 25, 2014. After reviewing Tax Court Rule 59 and considering Defendant's agreement to Plaintiff's request, the court granted Plaintiff's Motion to Allow Telephone Testimony.

## I. STATEMENT OF FACTS

Plaintiff testified that in 2011 and 2012 she paid cash to Brown, Donaldson, and Heidi Ho Christian Preschool and Kindergarten (Heidi Ho Preschool) to provide care for her three children while she was employed. Plaintiff submitted receipts that were signed by Brown, Donaldson, and unidentified individuals from Heidi Ho Preschool. (Ptf's Exs 4 and 20.)

Brown testified that she provided child care services for Plaintiff's children in 2011. She testified that she was a licensed child care provider. Brown testified that she did not have a relationship with Plaintiff before providing child care services for Plaintiff. She testified that she signed the following receipts:

| Date | Amount |
| --- | --- |
| June 3, 2011 | $500 |
| June 17, 2011 | $600 |
| July 1, 2011 | $600 |
| July 15, 2011 | $540 |
| July 29, 2011 | $600 |
| August 12, 2011 | $600 |
| August 26, 2011 | $600 |
| September 2, 2011 | $300 |

(Ptf's Ex 4 at 1, 4-5.) Brown testified that Plaintiff "always" paid her in cash, and she verified that Plaintiff paid her for child care services on the dates she signed the receipts.

Donaldson testified that she provided child care services for Plaintiff during 2011 and 2012. She testified that she was a registered child care provider and did not have a relationship with Plaintiff before providing child care services for Plaintiff's children. Donaldson testified that Plaintiff paid her in cash. She testified that she signed the following receipts:

| Date | Amount |
|------|--------|

*Tax year 2011*:

| | |
|------|--------|
| September 26, 2011 | $1,000 |
| October 20, 2011 | $1,000 |
| November 30, 2011 | $1,000 |
| December 30, 2011 | $1,200 |

*Tax year 2012*:

| | |
|------|--------|
| January 31, 2012 | $1,200 |
| February 24, 2012 | $1,200 |
| April 2, 2012 | $1,200 |
| May 1, 2012 | $1,200 |
| June 1, 2012 | $1,200 |

(Ptf's Exs 4 at 5; 20.) Donaldson testified that she issued the receipts contemporaneously with the receipt of cash. She testified that her 2011 Form W-10 showed that Plaintiff paid her $4,200 in cash for child care. (Ptf's Ex 3.) Donaldson testified that her 2012 Form W-10 showed that Plaintiff paid her $7,730 in cash for child care. (Def's Ex B.) She testified that for tax year 2012 she marked down all of the payments she received from Plaintiff in a "Parent Payment Record" and that she had issued receipts to Plaintiff for all of those payments except the payments received after June 1, 2012. (Ptf's Ex 13 at 2; Def's Ex A.) Donaldson testified that Plaintiff continued to pay her "cash on account" totaling $1,730 after she stopped providing child care services for Plaintiff. (*See id.*)

Plaintiff testified that her gross income included her wages and $465 per month she received for child support. She testified that she had sufficient available cash to pay the claimed child care expenses. Plaintiff submitted a HAPO Community Credit Union "Statement Summary" for each month from January 2011through December 2012. (Ptf's Exs 18-19.) She testified that those statements reported the dates she withdrew cash to cover her child care expenses. Plaintiff testified that she did not have access to her child support bank statements

/ / /

because "they only go one year back." She testified that she preferred to pay in cash because it was easier and the payments were "handled right away."

Inovejas testified that the department filed a motion to dismiss Plaintiff's appeal for the 2011 tax year because Plaintiff's objection to Defendant's notice of proposed adjustment dated April 27, 2012, was not timely and her appeal to the Magistrate Division was not timely. Plaintiff testified that Defendant issued a document request to Plaintiff dated February 16, 2012, requesting substantiation for the 2011 tax year child care expenses she had claimed. Inovejas testified that the request dated February 16, 2012, stated that Plaintiff had 30 days to submit to Defendant the requested documentation. Plaintiff testified that, on March 5, 2012, she faxed receipts to Defendant showing she had paid cash for child care services in tax year 2011. She testified that she did not receive a fax confirmation receipt. Inovejas testified that "the department did not receive any documents" from Plaintiff within the 30-day period. He testified that Defendant sent Plaintiff its Notice of Proposed Adjustment and/or Distribution dated April 27, 2012 (Tax Year 2011 Notice), denying Plaintiff's claimed child care credit for the 2011 tax year. Inovejas testified that Defendant received no objection from Plaintiff within 30 days after the Tax Year 2011 Notice was issued. Plaintiff testified that after receiving the Tax Year 2011 Notice she spoke with someone from "the department" "[b]etween May 21- 25, 2012," who told her that she needed to submit a letter of explanation, receipts, bank statements and other documents showing that she paid for child care services in tax year 2011. (*See* Ptf's Ex 15 at 2.) She testified that she wrote a letter of explanation on June 1, 2012, and that she sent the letter of explanation and "all child care receipts and requested documentations" by certified mail to Defendant on June 4, 2012, but did not have a mailing receipt. (Ptf's Ex 15 at 2.)

/ / /

FINAL DECISION  TC-MD 140079D                                                                                  4

Plaintiff testified that she filed tax year 2011 amended federal and state income tax returns because she "accidently claimed child support as alimony" and "forgot to include a dependent" on her original 2011 tax returns. Inovejas testified that after receiving Plaintiff's 2011 amended return, the department sent Plaintiff a Notice of Proposed Adjustment and/or Distribution dated April 18, 2013, stating:

> "We have reviewed your amended Oregon income tax return and adjustments are necessary. ORS 305.265.
>
> "Your Oregon child care credit and working family child care credit have been adjusted or denied because you did not provide valid proof of payment of child care expenses. (ORS 316.078, ORS 315.262, ORS 314.425.)
>
> * * * * *
>
> "You cannot dispute issues already heard, court ordered judgments, or issues you did not appeal in time. * * *."

(Ptf's Ex 10 at 2-3.)

Inovejas testified that for the tax year 2012 Defendant sent Plaintiff a Notice of Proposed Adjustment and/or Distribution dated April 10, 2013, denying Plaintiff's claimed child care credit and working family credit.

Plaintiff testified that after receiving Defendant's notices she faxed a request for a conference to the department on May 8, 2013. Inovejas testified that Plaintiff did not provide adequate substantiation during the conference for tax year 2012, stating that Plaintiff did not provide the conference officer with bank statements proving she had paid for child care. Inovejas testified that "the department applies more scrutiny" when taxpayers pay cash for claimed child care expenses. Inovejas testified that the conference officer asserted Plaintiff's appeal of tax year 2011 was "closed" and did not review Plaintiff's documents. Plaintiff testified

/ / /

that her appeal rights became "fresh" for the 2011 tax year when Defendant accepted her amended return.

## II. ANALYSIS

Three issues are before the court: (1) whether Plaintiff's right to appeal Defendant's denial of her claimed 2011 child care expenses expired before she filed her amended 2011 income tax return; (2) whether Defendant is estopped from denying Plaintiff's requested tax year 2011 income tax refund; and (3) whether Plaintiff should be allowed to claim a working family child credit and a child care credit for tax year 2012.

A. *Plaintiff's 2011 amended return*

The first issue is whether Plaintiff's right to appeal Defendant's denial of her claimed child care expenses expired before she filed her amended 2011 income tax return. Defendant issued Plaintiff its Notice of Proposed Adjustment and/or Distribution for tax year 2011 on April 27, 2012. Under applicable law, Plaintiff could file a written objection or request a conference with Defendant within 30 days of the date the notice was issued, as provided in ORS 305.270(4)(b),[1] or Plaintiff could wait until the date the notice became final, and appeal to this court within 90 days of that date, as provided in ORS 305.280(2). By statute, Defendant's notice became final 30 days after it was issued unless Plaintiff requested a conference or submitted a written objection within that time period. *See* ORS 305.270(5)(b). Plaintiff submitted no evidence that she requested a conference or filed a written objection between April 27, 2012, and May 27, 2012. (*Cf.* Ptf's Ex 15 at 2 (stating Plaintiff wrote "letter of explanation" June 1, 2012, and mailed letter and documentation June 4, 2012).) After May 27, 2012, Plaintiff had 90 days

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

to appeal to this court. Plaintiff mailed her Complaint to this court on March 17, 2014, a date substantially beyond the allowable 90 days.

Plaintiff argues that her appeal rights became "fresh" when Defendant accepted her amended 2011 return. This court has previously held that an amended return does not reopen a taxpayer's appeal rights for matters that a taxpayer was previously requested to document. *See Juarez v. Department of Revenue* (*Juarez*), TC-MD No 060680C, WL 283127 (Jan 4, 2007). In *Juarez*, Defendant issued the plaintiff a notice of deficiency to which the plaintiff failed to timely appeal within 90 days. *Id*. at *1. Long after his appeal rights had expired, the plaintiff filed an amended return and appealed to the tax court, wishing to address the notice of deficiency. *Id*. The court held that because the plaintiff failed to appeal within the time allowed, the appeal must be dismissed. *Id*. at *2.

The case before the court is similar to *Juarez*. Plaintiff testified that after receiving Defendant's Notice of Proposed Adjustment and/or Distribution dated April 27, 2012, she spoke with a Department of Revenue representative between May 21 and 25, 2012, who told her to submit a written explanation, receipts, and bank statements. Inovejas testified that Defendant did not receive a written objection or conference request from Plaintiff within 30 days of the date of the Notice, and Plaintiff submitted no evidence showing that she filed a written objection or made a conference request within the allowable 30 days. Plaintiff testified that she submitted a letter of explanation by certified mail on June 4, 2012, a date after the allowable 30-day time period. Plaintiff did not appeal to this court until March 17, 2014. Like *Juarez*, Plaintiff's appeal rights expired before she filed a written objection or conference request with Defendant and an appeal with this court. Plaintiff's 2011 amended return did not provide her with an

/ / /

opportunity to appeal Defendant's denial of her claimed child care expenses because her opportunity to make that appeal expired before she filed her amended return.

B. *Estoppel*

The second issue before the court is whether Defendant is estopped from denying Plaintiff's 2011 income tax refund request based on Defendant's denial of her claimed child care expenses. Plaintiff alleged that Defendant is estopped from denying her working family credit and child care credit for 2011 because she was misled by Defendant.

In the area of taxation, estoppel is granted in rare instances when the following three elements have been proven: (1) the defendant's conduct misled the plaintiff; (2) the plaintiff had a good faith reliance on the conduct; and (3) the plaintiff was injured by its reliance on the defendant's conduct. *Sayles v. Dept. of Rev.*, 13 OTR 324, 328 (1995). With respect to the first element, "taxpayers can claim estoppel against governmental taxing authorities only 'when there is proof positive that the collector has misinformed the individual taxpayer.' " *Webb v. Dept. of Rev.* (*Webb I*), 18 OTR 381, 384 (2005) (quoting *Johnson v. Tax Commission*, 248 Or 460, 463, 435 P2d 302 (1967)). This court has concluded that "proof positive" is a "stringent proof requirement." *Id.* Taxpayers have prevailed where there was proof of "incorrect or misleading documents sent by taxing authorities to the taxpayer[,]" or proof positive of a taxing authority's "misleading course of conduct." *Id.* However, there are few cases in which an Oregon court has considered oral communication to constitute a part of "proof positive." *See*, *e.g.*, *Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 310, 493 P2d 1372 (1972) (finding proof positive of misleading conduct in ambiguous form alone, but holding taxpayer's estoppel claim was made "even stronger" by evidence of oral misinformation).

/ / /

In deciding whether Defendant is estopped from denying Plaintiff's 2011 refund request, the court first reviews the action Defendant took with respect to Plaintiff. To meet the standard of proof positive taxpayers must supply detailed evidence of Defendant's conduct:

> "Taxpayers who rely on oral communications alone must provide more, such as detailed memoranda that are written contemporaneously with the communications and that corroborate the taxpayer's recollection of them. Even if a taxpayer cannot offer such memoranda, she is more likely to show 'proof positive' that the government misled her if she describes the communications in great detail, including the nature, date, and time of each conversation; the names and relationships to the parties of all those who took part in each conversation; those persons' knowledge of taxpayer's situation and of the relevant law; and the exact statements made as well as their form and intended meaning."

*Webb v. Dept. of Rev.* (*Webb II*), 19 OTR 20, 26 (2006).

To show she was injured by Defendant's conduct, Plaintiff must prove that Defendant misled her during the time she had to file an objection to Defendant or an appeal to the tax court. Plaintiff created a timeline that listed the conversations she had with Defendant. (*See* Ptf's Ex 15.) She testified that she created the timeline based on notes and memoranda she produced while discussing her issues with Defendant. Plaintiff provided some of the names of the individuals she spoke with and brief descriptions of what those individuals told her. There is no evidence contained in the timeline showing that Plaintiff was misled during the applicable 30- and 90- day periods arising from Defendant's Tax Year 2011 Notice, dated April 27, 2012. From April 27, 2012, through August 25, 2012, Plaintiff's timeline indicates that she made multiple phone calls to Defendant and was instructed to file a letter of explanation and submit applicable documentation. Unfortunately, Plaintiff took no action in response to Defendant's verbal advice until June 4, 2012—a week after her appeal rights expired. Even though Plaintiff testified that she had subsequent telephone conversations with Defendant's representatives, those conversations occurred after her opportunity to appeal directly to Defendant lapsed.

Plaintiff offered no evidence showing that she was misled. During Plaintiff's one reported contact with a Department of Revenue representative within the applicable 30-day period, Plaintiff was instructed to submit a written explanation with accompanying documentation. That instruction was consistent with the Tax Year 2011 Notice. Plaintiff did not testify or document a conversation in which she was told to disregard her appeal deadline. There is no evidence that Plaintiff was misled by Defendant. There is no evidence that supports Plaintiff's claim that Defendant is estopped from denying her 2011 income tax refund request for claimed child care expenses.

Plaintiff's rights to challenge Defendant's denial of her 2011 claimed child care expenses expired when she failed to timely file a written objection or conference request, or to timely appeal to this court. Defendant's motion to dismiss Plaintiff's appeal for the 2011 tax year is granted.

C.     *Working family credit and child care credit*

Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred while a taxpayer is working or attending school. ORS 315.262; OAR 150-315.262(3)(b)(C).[2] This credit is commonly referred to as the working family credit. The statute provides in relevant part:

> "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."

ORS 315.262(3).

In addition to the working family credit, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the

---

[2] Oregon Administrative Rule (OAR)

care of a dependent child or children. That credit is commonly referred to by the short title "child care credit." The child care credit is specifically tied to Internal Revenue Code (IRC) section 21. The child care credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078(1). Oregon Administrative Rule 150-316.078(1), provides, in part, "When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21." *See* ORS 305.100 (giving rule-making authority to Department of Revenue). Internal Revenue Code section 21(a)(1) provides a credit for a "percentage of the employment-related expenses * * * paid by such individual during the taxable year." Treasury Regulation section 1.21-1(c) (2007) provides, in part, "Expenses are employment-related expenses only if they are for the purpose of enabling the taxpayer to be gainfully employed. The expenses must be for the care of a qualifying individual or household services performed during periods in which the taxpayer is gainfully employed or is in active search of gainful employment."

Plaintiff claimed a working family credit and a child care credit. To receive either or both credits, a taxpayer must pay for child care. ORS 315.262(3); ORS 316.078(1). After requesting substantiation for the child care expenses paid by Plaintiff and receiving no documents that met its substantiation requirements, Defendant denied Plaintiff's claimed credits. Plaintiff appeals Defendant's denial.

The third issue before the court is whether Plaintiff is entitled to claim a working family and child care credit based on the amount of child care expenses she paid for the 2012 tax year. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof

shall fall upon the party seeking affirmative relief. * * *." ORS 305.427. Plaintiff must establish her claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Department of Revenue*, TC No 4530, WL 914208 at *2 (July 12, 2001) (citing *Feves v. Dept. of Revenue*, 4 OTR 302 (1971)); *see Thompson v. Department of Revenue*, TC-MD 130483D (Mar 21, 2014) (stating fully-completed receipts are persuasive evidence of cash payments for child care expenses and testimony is evaluated in context of receipts).

Plaintiff's evidence was her own testimony, copies of receipts, witness testimony, and related documentation, including the child care provider's identification and certification form (federal form W-10) and "Parent Payment Record." Donaldson testified that Plaintiff paid her $7,730 in cash for child care. Plaintiff submitted completed and signed receipts from Donaldson showing that Plaintiff paid Donaldson $6,000 for child care during tax year 2012. Donaldson testified that she received an additional $1,730 in cash for payments made "on account" because Plaintiff paid Donaldson over a period of time for child care services occurring after June 1, 2012. Donaldson's "Parent Payment Record" and her federal form W-10 support her testimony. (Def's Exs A-B.) Plaintiff and Donaldson were credible witnesses. Plaintiff met her burden of proof for tax year 2012.

### III. CONCLUSION

After careful consideration of the testimony and evidence, the court concludes that Plaintiff paid $7,730 for child care expenses in tax year 2012. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss Plaintiff's 2011 tax year appeal is granted.

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff is entitled to claim $7,730 for child care expenses in tax year 2012.

Dated this ____ day of October 2014.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on October 9, 2014. The court filed and entered this document on October 9, 2014.*