IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MICHAEL WILLIAMS )
and KENDALL WILLIAMS, )
)
      Plaintiffs, ) TC-MD 250397N
)
      v. )
)
COLUMBIA COUNTY ASSESSOR, )
)
      Defendant. ) **DECISION**

Plaintiffs appeal Defendant's disqualification of 2.03 acres of property identified as

Account 8058 (subject property) from forestland special assessment for the 2025-26 tax year.[1]

Plaintiffs accept the disqualification from forestland special assessment but object to paying the

additional tax calculated based upon tax years before they owned the subject property.[2]

Defendant maintains that Plaintiffs must pay the additional tax. The parties submitted written

briefing in accordance with a schedule agreed upon during the case management conference.

This matter is ready for decision.

## I. STATEMENT OF FACTS

Prior to disqualification, approximately four acres of the subject property were specially

assessed forestland and had been since before 2018. (Ptfs' Resp at 1.) In 2018, the subject

property was logged and thinned prior to the construction of a house, reducing the forestland to

---

[1] The disqualification notice, dated March 12, 2025, refers to Account 21224 but the letter captioned "intent to disqualify designated forestland," dated January 31, 2025, refers to Account 8058. (Compl at 5, 8.) Defendant did not explain the discrepancy. Plaintiffs maintain that the account listed on the March 2025 notice was incorrect and they received a corrected notice in June 2025. (Ptfs' Resp at 2 (Plaintiffs refer to letters dated in 2024, but the court assumes they mean 2025).) The court did not receive a copy of the corrected notice.

[2] Plaintiffs also ask that the additional tax be pro-rated for the difference between 4.00 acres initially identified for disqualification and the 2.03 acres that were ultimately disqualified. (Ptfs' Resp at 1; *compare* Compl at 5 with 8.) Because only 2.03 acres were ultimately disqualified, the court assumes the additional tax imposed was calculated based on 2.03 acres rather than 4.00 acres.

DECISION TC-MD 250397N                                                     1

two acres or less. (*Id.*) A house was built starting in 2018 and completed in 2019. (*Id.*) Additional trees were planted "in the years after the home construction was completed." (*Id.*) The subject property remained in forestland special assessment throughout those events. (*See* Compl at 8.)

Plaintiffs purchased the subject property on April 25, 2024. (Ptfs' Resp at 1; Def's Resp at 1.) Before the sale closed, Plaintiffs' realtor spoke with Defendant's office about the status of the forestland special assessment and, based on the conversation, told Plaintiffs that "all is well * * * nothing needs to be done other than keeping it stocked with trees." (Compl at 4.)

Shortly after Plaintiffs purchased the subject property, Defendant sent Plaintiffs a letter dated May 7, 2024, informing them that the subject property's assessed value was "too low" due to a clerical error, and that the assessment and tax rolls for the last five years would be corrected. (Compl at 10.) Defendant stated in the letter that no additional tax would be imposed for the five previous years because neither the tax nor the potential tax liability were "a matter of public record at the time of the purchase." (*Id.*)

Defendant sent another letter to Plaintiffs dated January 31, 2025, informing them of the intent to disqualify 4.00 acres of the subject property from forestland special assessment because it no longer met minimum stocking requirements. (Compl at 8.) In response to receiving that letter, Plaintiffs arranged for a representative of the Oregon Department of Forestry to inspect the subject property in February 2025. (*Id.* at 3; Ptfs' Resp at 2.) Based on that inspection, Defendant ultimately disqualified 2.03 rather than 4.00 acres from forestland special assessment and informed Plaintiffs by letter dated March 12, 2025. (Compl at 3, 5; Ptfs' Resp at 2.) The disqualification letter calculated and imposed additional tax of $4,913.30 for the five preceding years. (Compl at 5.) Plaintiffs agree with the disqualification of 2.03 acres but maintain that

they should not have to pay additional tax calculated based upon tax years before they owned the subject property.  (Compl at 3; Ptfs' Resp at 2.)

## II.  ANALYSIS

The issue is whether Defendant correctly imposed additional tax on the subject property upon disqualifying 2.03 acres of it from forestland special assessment.  Plaintiffs maintain that Defendant erred by failing to disqualify the subject property at an earlier date and that Defendant must follow its "precedent" of not collecting additional tax from before Plaintiffs owned the subject property.  (*See* Ptfs' Resp.)  Plaintiffs essentially argue that they relied on Defendant's representation to Plaintiffs' realtor that the subject property continued to qualify for special assessment.  The court considers this argument as whether Defendant is estopped from imposing additional tax.  Defendant maintains that the additional tax must be imposed for the last five years.  (Def's Resp at 1-2.)  Plaintiffs bear the burden of proof by a preponderance of the evidence.  ORS 305.427.[3]

A.       *Defendant's Duty to Disqualify Property and Impose Additional Tax*

Plaintiffs first argue that Defendant erred by failing to disqualify the subject property from forestland special assessment in 2018, or at another point before Plaintiffs purchased the subject property.  (*See* Ptfs' Resp at 1 (identifying three events that should have caused Defendant to evaluate the special assessment earlier).)  They argue that Defendant's failure to do so means that Defendant cannot collect the additional tax from Plaintiffs.  The court begins by reviewing Defendant's statutory duty to disqualify property from forestland special assessment.

Under ORS 321.359(1), designated forestland maintains the designation until the assessor removes the forestland designation, either at the request of the taxpayer, transfer of property to

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

exempt ownership, the act of recording a subdivision plat, or upon discovery by the assessor that the land is no longer forestland. When land is disqualified from special assessment, an additional tax is added equal to the difference between taxes assessed and taxes that would otherwise have been assessed, for a number of years depending on the special assessment. ORS 308A.703(2). Disqualified Western Oregon forestland is taxed for the lesser of the number of consecutive years the land had qualified for the special assessment or five years. ORS 308A.703(3)(d). Here, Defendant disqualified the subject property based on discovery that it no longer met stocking and species requirements and imposed five years of additional tax. That is consistent with Defendant's statutory obligations. Plaintiffs nevertheless argue that Defendant should have made this discovery at an earlier date.

Plaintiffs cite to no authority to support their argument, and the court is aware of none.[4] The court rejected a nearly identical argument made by taxpayers in *Sarra v. Yamhill County Assessor*, TC-MD 091431B, 2010 WL 2565135 (Or Tax M Div, Jun 28, 2010). In that case, the taxpayers opposed the imposition of additional tax relating to tax years before they owned the property, arguing that "the parcel should have been previously disqualified * * *." *Id.* at *1. The court found the argument unavailing, explaining that the additional tax is imposed on the land itself and that the tax roll gave notice of the potential additional tax, as required by statute. *Id.* at *2.

In the context of omitted property – which also involves the imposition of additional tax for prior years – this court has rejected arguments that the assessor should have discovered the omitted property sooner. In *Helfrich v. Lane County Assessor*, TC-MD 091414C, 2010 WL

---

[4] ORS 308.234 used to require the assessor make a physical appraisal of property at least once every six years, but that requirement was removed from statute in 1997. *See, e.g., Brummel v. Dept. of Rev.*, 14 OTR 303, 306-307 (1998) (referencing former statutory requirement).

360359 at *1 (Or Tax M Div, Jan 29, 2010), the taxpayer argued that it was "unfair" for the county to impose back taxes on a building for which he had obtained all the necessary permits and which was clearly visible from the road. In the taxpayer's view, the county was responsible for discovering the building and he should not be responsible for the county's "mistake." *Id.* The court rejected that argument, observing that "[f]ault is essentially irrelevant. If the assessor fails to assess and tax property and later discovers that such property has been omitted from the rolls, the assessor is statutorily required to add the value of the property to the rolls and impose the corresponding property tax." *Id.* at *3. Similarly in the context of forestland special assessment, the assessor is required to disqualify property upon discovery that it no longer qualifies, and the assessor is required to impose additional tax.

In sum, Defendant properly disqualified the subject property from forestland special assessment upon discovering that it no longer qualified and properly imposed additional tax. Even if Defendant could have made that discovery at an earlier date, that fact does not invalidate the disqualification for the 2025-26 tax year or remove the imposition of additional tax. The court next considers Plaintiffs' argument that bona fide purchaser protection should apply.

B.      *Bona Fide Purchaser; Public Record of Potential Additional Tax*

Plaintiffs argue that the additional tax should not be imposed because Defendant established a precedent of not collecting back taxes from before Plaintiffs owned the subject property. Plaintiffs cite Defendant's letter dated May 7, 2024, changing the assessed value of the subject property due to a clerical error and explaining that Defendant would not collect back taxes. Defendant's letter cited ORS 311.235, which states that "[n]o ad valorem taxes imposed on real property * * * purchased by a bona fide purchaser shall be a lien on the real property * * * unless at the time of purchase the taxes were a matter of public record." The difference

between a clerical error and disqualification from forestland special assessment is that the potential for additional tax from disqualification is a matter of public record.

Under ORS 321.362 "[t]he tax roll shall show the notation 'Forest Land-Potential Additional Tax Liability' for each parcel of land designated as forestland by the assessor upon application of the owner or by the application of ORS 321.347(3) or (4)." Plaintiffs have not alleged that the tax roll lacked that information and, indeed, appear to have understood that the subject property was in forestland special assessment based on their realtor's inquiry. The bona fide purchaser protection in ORS 311.235 does not apply here because the potential tax liability was a matter of public record. *See also Pearce v. Josephine County Assessor*, TC-MD 170277R, 2018 WL 4566517 at *3 (Or Tax M Div, Sep 18, 2018) (reaching the same conclusion). Finally, the court considers whether Defendant is estopped from imposing additional tax based on the phone call between Plaintiffs' realtor and Defendant's staff.

C.      *Estoppel*

Plaintiffs do not expressly invoke estoppel as a defense to being responsible for the additional tax. However, they state that they "inquired through [their] realtor with the county to make sure the current tax deferral was still in effect and were told that it was[.]" (Ptfs' Resp at 2.) They further stated that the county gave no qualifications at that time regarding the amount of acreage under forestland designation. The court understands Plaintiffs to mean that they should not have to pay additional tax because they relied on the representation that the subject property qualified for special assessment at the time of their purchase.

To make a successful estoppel claim, a taxpayer must prove three elements: "(1) misleading conduct on the part of [the county]; (2) taxpayer's good faith, reasonable reliance on that conduct; and (3) injury to taxpayer." *Webb v. Dept. of Rev.*, 18 OTR 381, 383 (2005). To

establish misleading conduct requires "proof positive that the [county] has misinformed the individual taxpayer[.]" *Johnson v. State Tax Comm'n*, 248 Or 460, 463, 435 P2d 302 (1967). That standard is difficult to meet with oral communications because of the "many possibilities for misunderstanding * * *." *Webb v. Dept. of Rev.*, 19 OTR 20, 24 (2006). The court may not be able to determine the exact question asked. *Id.* Proof positive often requires other corroborative evidence "such as detailed memoranda that are written contemporaneously with the communications and that corroborate the taxpayer's recollection of them." *Id.* at 26.

Taxpayers successfully won an estoppel claim in *Eichorn v. Yamhill County Assessor*, TC-MD 210323R, 2022 WL 4684631 at *2 (Or Tax M Div, Sep 30, 2022). In that case, the taxpayers argued that they "were misled by both written documentation and oral communications from [the county.]" *Id.* at *4. The county conceded to its misleading conduct and the court agreed. *Id.* There, the taxpayers had specifically sought a property eligible for special assessment and communicated that intention to the county as part of their due diligence. *Id.* They bought a property and took out a loan in reliance on the county's representation that the property would continue to qualify for forestland special assessment so long as tree stocking was increased over the next four years. Five years later, the county disqualified the property from special assessment upon discovery of a coding error in the county's system. As a result, the court concluded the county was estopped from disqualifying the property from special assessment. *Id*. at *6.

Here, there is no written evidence to support a finding that Defendant misled Plaintiffs, and Defendant has not conceded to doing so. The communication between Plaintiffs' realtor and Defendant's staff does not meet the standard of proof positive for misleading conduct. It is unclear what questions the realtor asked Defendant's staff, and the written record reflects only

the realtor's understanding of that conversation.  At the time of the phone call in 2024, Defendant had not yet discovered that two acres of the subject property had been logged.  The statement that "all is well" appears to have been an accurate reflection of the subject property's status and Defendant's knowledge at that time.  The court finds that Defendant did not mislead Plaintiffs and is not, therefore, estopped from imposing the additional tax from disqualification.

### III.  CONCLUSION

Upon careful consideration, the court concludes that Defendant properly imposed the additional tax under ORS 308A.703.  The bona fide purchaser protection in ORS 311.235 does not apply because the potential additional tax was a matter of public record.  Defendant is not estopped from imposing the additional tax based on the phone call between Plaintiffs' realtor and Defendant's staff.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

_____

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on December 10, 2025.***